United States Courts
Southern District of Texas
FILED

MAY 19 2026

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | |
|---|---|
| LAURA BUTTON<br><br>PLAINTIFF,<br><br>V.<br><br>MARRIOTT INTERNATIONAL, INC., MARRIOTT HOTEL SERVICES, INC., THE WOODLANDS WATERWAY MARRIOTT HOTEL & CONVENTION CENTER (d/b/a), INLAND AMERICAN LODGING ACQUISITIONS, INC. (if confirmed), **and** UNKNOWN OWNER/OPERATOR ENTITIES<br><br>DEFENDANTS | **CASE: 4: 26-cv-3988**<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

## NATURE OF THE ACTION

1. This is a premises liability and negligence action arising from a preventable slip-and-fall incident that occurred on May 17, 2025, at the Woodlands Waterway Marriott Hotel & Convention Center in The Woodlands, Texas.
2. Plaintiff was a lawful business invitee on the premises in connection with a professional event being conducted at the hotel.
3. While walking through the hotel lobby in a normal and foreseeable manner, Plaintiff encountered a hazardous condition on the flooring surface that was not open or obvious and posed an unreasonable risk of harm.
4. As a direct and proximate result of this condition, Plaintiff slipped and fell, sustaining serious orthopedic injuries including a fractured patella and a medial meniscus tear later confirmed by MRI.
5. Plaintiff has undergone extensive medical treatment, including orthopedic care and months of physical therapy, yet continues to experience pain, functional limitations, and impaired mobility.
6. Plaintiff made repeated, good-faith efforts to resolve this matter without litigation, including providing detailed medical documentation,

responding to requests from Defendants, and issuing formal demand and preservation notices.

7. Despite these efforts, Defendants failed to meaningfully evaluate or resolve the claim and ultimately ceased responding to Plaintiff's communications.

8. Plaintiff now brings this action to recover damages caused by Defendants' negligence and failure to maintain safe premises.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Plaintiff is a citizen of South Carolina.

11. Defendant Marriott International, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Maryland, and is therefore a citizen of Delaware and Maryland.

12. Defendant Marriott Hotel Services, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Maryland, and is therefore a citizen of Delaware and Maryland.

13. Upon information and belief, none of the Defendants are citizens of the State of South Carolina.

14. The amount in controversy exceeds $75,000, exclusive of interest and costs.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

16. Plaintiff Laura Button is an adult resident of South Carolina.

17. Defendant Marriott International, Inc. is a global hospitality company that owns, operates, franchises, and/or manages hotel properties, including the subject property.

18. Defendant Marriott Hotel Services, Inc. is a corporation that, upon information and belief, operates, manages, and/or controls the Woodlands Waterway Marriott Hotel & Convention Center.

19. Defendant Woodlands Waterway Marriott Hotel & Convention Center is the premises where the incident occurred.

20. Defendant Unknown Owner/Operator Entities are responsible for ownership, operation, maintenance, and control of the premises and will be identified through discovery.

21. At all relevant times, Defendants exercised control over the premises and are jointly and severally liable.

22. Upon information and belief, Defendants, individually and collectively, owned, operated, managed, maintained, controlled, and/or were otherwise responsible for the premises where the incident occurred. The precise relationship between Defendants is not fully known at this time. Plaintiff alleges that each Defendant acted as agent, servant, employee, joint venturer, partner, or alter ego of the others and that each is jointly and severally liable for the acts and omissions described herein. Plaintiff will amend this Complaint as necessary upon discovery of the full corporate structure.

## FACTUAL ALLEGATIONS

### ***Plaintiff's Status and Presence***

23. On May 17, 2025, Plaintiff was present at the hotel as a business invitee attending and working a professional event hosted at the property.

24. Plaintiff's presence was known to Defendants and provided economic benefit to them.

25. Plaintiff was using the premises in a normal and foreseeable manner.

***The Hazardous Condition***

26. The hotel lobby contained smooth, hard flooring surfaces, including marble or similarly slick materials.

27. Such flooring is known to become hazardous when combined with moisture, residue, or inadequate maintenance.

28. On the date of the incident, a hazardous condition existed on the floor in a high-traffic area of the lobby.

29. The condition created a slippery surface posing an unreasonable risk of harm.

30. The hazardous condition described herein posed an unreasonable risk of harm to invitees using the premises in a normal and foreseeable manner, particularly in a high-traffic hotel lobby where guests are expected to walk without anticipating concealed slip hazards.

31. The hazard was not open or obvious to Plaintiff.

32. No warning signs, cones, barriers, or other safeguards were present.

***Inspection Failures and Notice***

33. The hotel lobby is a high-traffic environment requiring continuous monitoring and maintenance.

34. Defendants failed to implement and follow reasonable inspection procedures.

35. The hazardous condition existed long enough that it should have been discovered and remedied.

36. Alternatively, the hazardous condition was created by Defendants or their employees.

37. At the time of the incident, Plaintiff was walking attentively and was not distracted by a mobile device or any other activity.

38. Defendants failed to:

a. properly inspect

b. maintain safe conditions

c. warn of hazards

d. follow safety protocols

### ***The Incident***

39. Plaintiff stepped onto the hazardous surface and immediately lost traction.

40. Plaintiff fell forcefully to the ground.

41. The fall caused immediate injury and pain.

42. Plaintiff sought emergency medical treatment immediately following the incident on May 17, 2025, due to the severity of her injuries.

43. Multiple individuals were present at the time of the incident and observed the fall and/or the hazardous condition, and are available to provide testimony regarding the circumstances of the incident.

### *Medical Treatment and Objective Findings*

44. Plaintiff sustained a fractured patella involving multiple fracture sites.

45. Plaintiff began orthopedic treatment and physical therapy.

46. Treatment records reflect ongoing pain, limited mobility, and functional deficits.

47. Plaintiff failed to achieve expected recovery despite compliance with treatment.

48. Due to persistent symptoms, further diagnostic imaging was ordered.

49. MRI confirmed a medial meniscus tear in the same knee.

50. Medical providers incorporated the meniscus tear into Plaintiff's treatment plan as part of the same injury.

51. Plaintiff's injuries, including the fractured patella and medial meniscus tear, arose from a continuous course of symptoms and treatment following the fall and were directly and proximately caused by the incident.

52. Plaintiff required prescription medications including high-dose anti-inflammatory drugs such as ibuprofen and ketorolac.

### *Functional Limitations*

53. Plaintiff continues to experience:

- impaired gait
- reduced strength
- instability
- pain with movement and weight-bearing
- difficulty with stairs and repetitive movement

54. Physical therapy goals were only partially achieved.

55. Plaintiff has not returned to baseline function.

### *Impact on Employment*

56. Plaintiff's job requires frequent nationwide travel.

57. After the injury, Plaintiff continued working under significant physical limitations.

58. Plaintiff experienced increased pain, swelling, and discomfort during travel, including while navigating airports and during flights, which further impacted her ability to perform her occupational duties.

59. Plaintiff required wheelchair assistance in airports and hotels.

60. Routine work activities became physically difficult and painful.

61. Plaintiff continued working despite significant pain and mobility issues.

### *Ongoing and Future Medical Needs*

62. Plaintiff continues to experience ongoing symptoms.

63. Plaintiff is undergoing further medical evaluation.

64. Additional treatment may include injections or surgery.

65. Plaintiff underwent additional medical evaluation as recent as May 5th, 2026 due to continued symptoms and lack of full recovery. Her treating physician noted that her condition has not significantly improved and recommended the use of a cortisone injection.

66. Plaintiff's physician further advised that the physical demands of her occupation, including frequent air travel and prolonged periods of sitting with the knee in a flexed position, may contribute to ongoing inflammation and irritation of the knee joint.

67. Plaintiff continues to experience pain and functional limitations, and additional treatment may be required depending on her response to ongoing care.

68. Plaintiff faces the risk of permanent impairment.

69. Plaintiff had no prior knee injury before this incident.

70. Plaintiff's condition remains unresolved despite months of treatment.

### *Pre-Litigation Conduct and Delay*

71. Plaintiff promptly reported the incident and cooperated fully.

72. Plaintiff provided medical documentation and responses to Defendants' requests.

73. Plaintiff issued a formal demand and litigation hold.

74. Defendants acknowledged the claim but repeatedly delayed evaluation.

75. Defendants stated they could not assess the claim without additional information.

76. Plaintiff continued to provide documentation in good faith.

77. Defendants failed to make any settlement offer.

78. Defendants ultimately ceased responding entirely.

79. Plaintiff was forced to file this lawsuit.

80. Plaintiff requested preservation of surveillance footage and other evidence related to the incident. To the extent such evidence was not preserved, Plaintiff reserves the right to seek appropriate relief.

81. Plaintiff provided sufficient information for Defendants to evaluate the claim, yet Defendants failed to do so.

## CAUSE OF ACTION

*Negligence (Premises Liability)*

*Against all Defendants*

82. Defendants' duty to maintain safe premises for invitees is non-delegable.

83. Defendants breached that duty by failing to:

- inspect the premises
- identify hazards
- correct dangerous conditions
- warn invitees
- implement proper safety procedures

84. Defendants failed to exercise reasonable care to reduce or eliminate the risk posed by the hazardous condition.

85. Defendants failed to make the condition reasonably safe or to adequately warn Plaintiff of the dangerous condition.

86. The condition posed an unreasonable risk of harm.

87. Defendants had actual or constructive knowledge.

88. Defendants' acts and omissions were a substantial factor in bringing about Plaintiff's injuries.

89. The injuries sustained by Plaintiff were a foreseeable result of Defendants' failure to maintain the premises in a reasonably safe condition.

90. Defendants' negligence was the proximate cause of Plaintiff's injuries.

91. Defendants failed to adequately train, supervise, and monitor employees responsible for maintaining safe conditions on the premises.

92. Defendants failed to implement and enforce reasonable safety policies and procedures necessary to identify and remedy hazardous conditions in high-traffic areas.

93. Defendants failed to ensure that employees adhered to inspection and maintenance protocols designed to protect guests.

94. These operational and systemic failures contributed directly to the hazardous condition that caused Plaintiff's injuries.

## DAMAGES

95. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages including:

1. Past medical expenses;
2. Future medical expenses reasonably likely to be incurred;

3. Physical pain and suffering, past and future;
4. Mental anguish, past and future;
5. Physical impairment, including loss of mobility and diminished physical function;
6. Disfigurement, if any;
7. Loss of enjoyment of life; and
8. Limitations on Plaintiff's ability to perform occupational and daily activities.

96. Defendants' acts and omissions were a substantial factor in bringing about Plaintiff's injuries, and without such conduct, the injuries would not have occurred.

97. Plaintiff's injuries have resulted in ongoing functional limitations that interfere with her ability to travel, work, and engage in normal life activities as she did prior to the incident.

98. Plaintiff's damages are continuing in nature, and the full extent of such damages is not yet known. Plaintiff reserves the right to amend and supplement her claims as additional information becomes available.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and award:

1. Compensatory damages in an amount to be determined at trial, including but not limited to:
    - past and future medical expenses;
    - physical pain and suffering, past and future;
    - mental anguish, past and future;
    - physical impairment;
    - loss of enjoyment of life;
    - diminished physical function and limitations on daily and occupational activities;
2. Pre-judgment and post-judgment interest as allowed by law;
3. Costs of court;
4. All other relief, at law or in equity, to which Plaintiff may be justly entitled.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: May 5, 2026

Respectfully,

Laura Button

(pro se)

101 Ocean Sands Ct.

Myrtle Beach, SC 29579

Laura.r.button@gmail.com