**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **LAURA BUTTON** | § | |
| *Plaintiff,* | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-cv-3988** |
| **MARRIOTT INTERNATIONAL, INC., MARRIOTT HOTEL SERVICES, INC., THE WOODLANDS WATERWAY MARRIOTT HOTEL & CONVENTION CENTER (d/b/a), INLAND AMERICAN LODGING ACQUISITION, INC. (if Confirmed), and UNKNOWN OWNER/OPERATOR ENTITIES** | § | |
| *Defendants* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **The Rule 26(f) conference was held by telephone on August 20, 2026 at 12:00 pm CST. Plaintiff Laura Button appeared pro se. Donald Lighty appeared on behalf of Defendants Marriott International, Inc. and Marriott Hotel Services, LLC.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **The parties are unaware of any related cases filed in either State or Federal Courts.**

3. Briefly describe what this case is about.

   **This is a premises liability/negligence case arising from Plaintiff's May 17, 2025 fall at the Woodlands Waterway Marriott Hotel & Convention Center. Plaintiff alleges that she slipped and fell due to a hazardous, unmarked floor condition in the hotel lobby and sustained serious knee injuries, including a fractured patella and medial meniscus tear.**

**While Defendants admit that Ms. Button was a lawful invitee on our premises, we dispute that there was a hazardous condition on the floor that was not open, obvious, or presented an unreasonable risk of harm. Defendants further dispute that they are responsible for the damages alleged by Plaintiff.**

**Defendants have also raised numerous defenses to the claimed injuries and damages in their original answer to Plaintiff's complaint filed on July 13, 2026.**

4. Specify the allegation of federal jurisdiction.

   **The Defendants' do not dispute diversity jurisdiction.**

5. Name the parties who disagree and the reasons.

   **The parties dispute liability, whether a hazardous condition existed, whether Defendants created or had actual/constructive notice of the condition, whether adequate warnings were present, causation, comparative responsibility, damages, the extent of Plaintiff's injuries, and the significance of pre-suit medical/document exchange.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **Plaintiff does not currently anticipate adding additional parties, but reserves the right to seek leave if discovery identifies the proper owner/operator or another responsible entity not currently before the Court.**

   **Marriott Hotel Services, LLC is the proper party to this litigation and has appeared even though they were named as Marriott Hotel Services, Inc.**

7. List anticipated interventions.

   **The parties do not anticipate any interventions.**

8. Describe class-action issues.

   **The parties do not anticipate any class action issues.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **The parties have agreed to exchange Rule 26(a) disclosures within 14 days after the parties' rule 26(f) conference as provided for in FED. R. CIV. P. 26(a)(1)(C). The disclosures shall be made by September 3, 2026.**

10. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

**The parties should conduct discovery regarding liability, ownership/operation/control of the premises, the lobby floor condition, inspection and maintenance practices, warning signs, barrier, surveillance footage, incident reports, witnesses, prior similar incidents, medical causation, damages, and insurance coverage. The parties should preserve all relevant documents, electronically stored information, surveillance video, incident reports, claim notes, and communications.**

B. When and to whom the plaintiff anticipates it may send interrogatories.

**Plaintiff anticipates propounding interrogatories upon Defendants after initial disclosures are exchanged and/or after entry of the scheduling order.**

C. When and to whom the defendant anticipates it may send interrogatories.

**Defendants will serve interrogatories to Plaintiff after initial disclosures are exchanged and/or after entry of scheduling order.**

D. Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiff anticipates taking depositions of one or more Marriott corporate representatives, employees or managers with knowledge of the incident, maintenance/cleaning personnel, witnesses, identified in discovery, and claims/risk management personnel if appropriate. Plaintiff proposes completing fact depositions before the discovery deadline.**

E. Of whom and by when the defendant anticipates taking oral depositions.

**Defendants will depose Plaintiff, medical providers, and any fact or expert witnesses identified by Plaintiff. Defendants propose completing depositions before the discovery deadline.**

F. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff anticipates identifying treating medical providers as non-retained expert witnesses regarding, treatment, causation, prognosis, and damages. Plaintiff may also designate retained experts if necessary.**

**Plaintiff proposes Plaintiff's expert designations by January 15, 2027, and Defendants responsive expert designations by February 15, 2027.**

**Defendants will agree to these deadlines.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff will determine after Defendants' expert disclosures whether expert depositions are necessary. Plaintiff proposes completing expert depositions before the discovery deadline.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendants may seek depositions of Plaintiff's treating providers and/or any retained experts. Defendants propose completing expert depositions before the discovery deadline.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**To the extent parties disagree on any portion of the discovery plan, Plaintiff requests that each party's position be stated separately in the joint filing.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**No formal discovery has been exchanged.**

13. State the date the planned discovery can reasonably be completed.

**Plaintiff proposes April 30, 2027. Defendants agree with this date.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The parties are open to early mediation after initial disclosures and production of core documents, including surveillance footage, incident reports, maintenance/cleaning records, witness information, and relevant medical/billing documentation.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**The parties are willing to exchange initial disclosures, produce relevant medical and damages documentation through discovery, participate in focused discovery and attempt mediation after discovery has been substantially completed.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**Formal mediation is reasonably suitable after discovery has been substantially completed.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**The parties do not consent to the jurisdiction of the Magistrate Judge.**

18. State whether a jury demand has been made and if it was made on time.

**Both parties made timely jury demands.**

19. Specify the number of hours it will take to present the evidence in this case.

**The parties anticipate it will take between 3 and 4 days to present their evidence.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**The parties do not anticipate motions at the initial conference.**

21. List other motions pending.

**There are no pending motions.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**Plaintiff believes the Court may need to address preservation and production of surveillance footage, incident reports, maintenance/cleaning logs, employee/witness information, the identity/control of the hotel premises, privacy protection for medical records, and service/copy issues because Plaintiff is proceeding pro se and is not approved for electronic filing.**

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

**Plaintiff:**
**Laura Button, pro se**
**101 Ocean Sands Ct.**
**Myrtle Beach, SC 29579**
**843.602.4301**
**laurabuttonprose@gmail.com**

**Counsel for Defendants:**
**Don Lighty**
**Texas State Bar No. 12344600**
**SD Texas Bar No.: 6067**
**550 Fannin, Suite 600**
**Beaumont, Texas 77701**
**Phone:409.838.2644**
**Fax: 409.838.4713**
**dlighty@wellspeyton.com**

LAURA BUTTON
*Pro Se*
101 Ocean Sands Ct.
Myrtle Beach SC 29579
Phone: (843) 602-4301
Email: laurabuttonprose@gmail.com

August 25th, 2026
Date

DON LIGHTY
Wells Peyton Partain Baldo & Lighty, LLP
Attorney-in-Charge
Texas State Bar No.: 12344600
SD Texas Bar No.: 6067
550 Fannin, Suite 600
Beaumont, TX 77701
Phone: (409) 838-2644
Fax: (409) 838-4713
Email: dlighty@wellspeyton.com

8·26·25
Date